**Waddell NEWMAN, Jr., Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 71A03–9605–CR–161.

Court of Appeals of Indiana.

Dec. 31, 1996.

Jeffrey L. Sanford, South Bend, for Appellant–Defendant.

Pamela Carter, Attorney General of Indiana and Priscilla J. Fossum, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

HOFFMAN, Judge.

Appellant-defendant Waddell Newman, Jr. appeals his conviction for fraud, a Class D felony. Newman was sentenced to a one-year term of imprisonment which was suspended with a one-year term of probation imposed. The evidence relevant to the appeal is recited below.

Newman worked as night engineer at Washington High School in South Bend, Indiana. He shared an office with the day engineer, John Fergusson. On Sunday, October 2, 1994, Fergusson realized that he must have left his briefcase and wallet in the office. On Monday, he searched the office but did not find the wallet. When he asked Newman about others being in the office, Newman suggested that he notify the credit card companies.

After thoroughly searching the office and his home, Fergusson contacted the credit card companies. One company verified that his credit card had been used to make a purchase at ABC Warehouse. Fergusson was given a copy of the receipt. Based upon his familiarity with Newman's handwriting, Fergusson believed that the signature on the receipt was similar to Newman's handwriting. Fergusson gave a copy of the receipt to the investigating police officer.

When asked by the police officer, Newman voluntarily went to the police station to discuss the matter. At the police station, Newman allowed his photograph to be taken for the express purpose of showing the ABC Warehouse clerk.

The ABC Warehouse employee, Brian Cichocki, who assisted the person who made the credit card purchase identified Newman as the person who purchased a 27–inch television with the card. Cichocki was shown a photographic array which included Newman's photograph. Cichocki also identified Newman during the trial.

As noted, Newman was convicted of fraud based upon his use of the credit card without Fergusson's permission. This appeal ensued.

As restated, Newman presents one issue for review: whether the trial court erred in allowing admission of a comparison handwriting sample which was not properly authenticated.

■ During examination of Fergusson at trial, a handwritten note was introduced into evidence. Over Newman's objection, Fergusson was allowed to testify that the note regarding a work matter was written by Newman. The note was used as an exemplar for comparison with the signature on the charge slip from ABC Warehouse and as the basis for Fergusson's opinion that the handwriting was Newman's. On appeal, Newman acknowledges that the ruling appears to be in compliance with evidentiary rules, but he complains that the ruling is in conflict with Indiana common law which requires a strict showing of authenticity prior to admission of handwriting exemplars for comparison purposes.

In pertinent part, Ind. Evidence Rule 901 provides:

**Requirement of Authentication or Identification**

(a) **General Provision.** The requirement of authentication or identification as

a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

(b) **Illustrations**. By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:

(1) *Testimony of Witness With Knowledge.* Testimony of a witness with knowledge that a matter is what it is claimed to be.

(2) *Nonexpert Opinion on Handwriting.* Nonexpert opinion as to the genuineness of handwriting, based upon familiarity not acquired for purposes of the litigation.

Newman strenuously argues that the strict methods of authentication survived the adoption of the rules of evidence. Newman thoughtfully relates the commentary accompanying the rules to existing case law.

In *Huspon v. State*, 545 N.E.2d 1078, 1082 (Ind.1989), the court set out the three approved methods for demonstrating the genuineness of a standard to be used as a handwriting exemplar. The court stated:

The genuineness of the standard may be established (1) by the admission of the person sought to be charged with the disputed writing made at or for the purpose of the trial or by his testimony; (2) by witnesses who saw the standards written or to whom or in whose hearing the person sought to be charged acknowledged the writing thereof; (3) by evidence showing that the reputed writer of the standard has acquiesced in or recognized the same, or that it has been adopted and acted upon by him in his business transactions or other concerns.

*Id.*

Through Fergusson's testimony, the standard in the present case was established as a work-related note written to Fergusson. From both Fergusson's and Newman's testimony it was apparent that due to their schedules, the two often communicated through written notes to establish continuity between the day and night work. Fergusson stated that he was familiar with Newman's handwriting. Fergusson was allowed to testify that the note was written by Newman, requesting that Fergusson order parts for equipment.

Newman contends that because there was no evidence that he adopted the writing, that someone viewed him writing, or that he acted upon the writing in the course of conducting business, the standard does not meet the strict requirements for authentication. He directs this Court to commentary accompanying Evid.R. 901 indicating that current Indiana law would not be altered by the rule. However, the commentary repeatedly notes that only the rules were adopted and not the commentary. *See* Weissenberger's *Indiana Evidence*, 1995 Courtroom Manual, Appendix at 275 (noting that practitioners should exercise care in use of commentary because not adopted and Supreme Court made changes to rules after proposals by rules committee).

Absolute proof of authenticity is not required. *Lahr v. State*, 640 N.E.2d 756, 761 (Ind.Ct.App.1994). Evidence showing a reasonable probability that the exhibit is what it purports to be and that its condition is substantially unchanged as to any material feature is sufficient. *See id.* Also, as acknowledged by Newman, authentication can be proven by direct or circumstantial evidence. *See* Miller, *Indiana Evidence* § 901.203 at 29. The admissibility of documents lies within the trial court's discretion and will be reversed only upon a showing of abuse of that discretion. *Salone v. State*, 652 N.E.2d 552, 557 (Ind.Ct.App.1995).

Here, the exemplar was authenticated by Newman's co-worker who testified that he received the note in the course of conducting work-related communication. Fergusson testified as to his familiarity with Newman's handwriting and his non-expert opinion that the exemplar was written by Newman. The trial court did not abuse its discretion in admitting the standard pursuant to Evid.R. 901.

Further, it is noteworthy that Newman was not convicted solely on evidence that his handwriting matched that of the person who

used Fergusson's credit card without permission. The ABC Warehouse salesperson, who conducted the transaction, positively identified Newman as the person who used Fergusson's credit card to purchase a television.

There being no finding of reversible error, the judgment of the trial court is affirmed.

Affirmed.

SHARPNACK, C.J., and GARRARD, J., concur.