## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jul 01 2015, 8:39 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Elizabeth A. Houdek
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| J.B.,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | July 01, 2015<br><br>Court of Appeals Case No.<br>49A05-1410-JV-457<br><br>Appeal from the Marion Superior,<br>Juvenile Division<br><br>Cause No. 49D09-1406-JD-1487<br><br>Honorable Geoffrey Gaither,<br>Magistrate. |

**Friedlander, Judge.**

[1] J.B. appeals an adjudication that would constitute Theft, a class D felony,[1] and Dangerous Possession of a Firearm, a class A misdemeanor[2] if committed by an adult. J.B. presents the following restated issue for our review: Did the juvenile court abuse its discretion when it admitted social media messages over a claim of insufficient authentication?

[2] We affirm.

[3] The facts favorable to the judgement are as follows. On April 17, 2014, Nikki B., age fifteen, and her older brother Anthony, stayed home alone from school and invited J.B. over to their house. A mutual friend introduced Nikki to J.B. two weeks earlier and the two communicated through Facebook messages. J.B. told Nikki his Facebook screen name was "Lilaustin Paperchasin." *Transcript* at 39.

[4] While at the house, J.B., Nikki, and Anthony had a conversation about guns. The conversation provoked Anthony to show his father's gun to J.B., which was hidden in a bedside drawer. Following the conversation, J.B. and Nikki returned to the living room to watch television and browse Facebook; Anthony

---

[1] The version of the governing statute, i.e., Ind. Code Ann. § 35-43-4-2 (West, Westlaw 2013) in effect at the time this offense was committed classified it as a class D felony. This statute has since been revised and in its current form reclassifies this as a Level 6 felony. *See* I.C. § 35-43-4-2 (West, Westlaw current with all 2015 First Regular Session of the 119th General Assembly legislation effective through June 28, 2015). The new classification, however, applies only to offenses committed on or after July 1, 2014. *See id.* Because this offense was committed before then, it retains the former classification.

[2] Ind. Code § 35-47-10-5. (West, Westlaw current with all 2015 First Regular Session of the 119th General Assembly legislation effective through June 28, 2015).

left the house. A few hours later, Nikki walked outside to retrieve the mail, at the same time she heard the back door of her house open and saw J.B. running away from the house. Nikki then checked to see if anything was missing from the house and discovered her father's gun was no longer in the bedside drawer; her father later confirmed his gun was missing.

[5] On May 22, 2014, Nikki received the following Facebook messages from J.B. under the screen name "Lilaustin Paperchasin":

> Aye y'all might as well be coo cuz ya dad pistol long gone lbvs[3] soo yea! Be coo frfr[4] and don't bring problems otg[5] soo he might as well call it a lost.
>
> …if y'all tryna bump let me know cuz ya dad pistol long gone!! Lbvs soo he not getting it back sooo yea its what ever lbvs.

[6] Exhibit 1 at 6. On May 31, 2014, Nikki received another Facebook message from J.B.

> Never robbed noone for 200$ lbvs and bitvh [sic] ya dad not getting his pistol pack wtf [6] don't you understand that mf gone bitch soo when I get better I'll bump with whoever whenever.

[7] *Id.* at 7. Nikki sent the following response to J.B.,

---

[3] "lbvs" is an abbreviation for: laughing but very serious. www.abbreviations.com. Last viewed, 6/15/2015.

[4] "frfr" is an abbreviation for: for real, for real. www.abbreviations.com. Last viewed, 6/15/2015.

[5] "otg" is an abbreviation for either: off the ground, or over the gun. www.abbreviations.com. Last viewed, 6/15/2015.

[6] "wtf" is an abbreviation for: what the fuck. www.abbreviations.com. Last viewed, 6/15/2015.

When I invited you in my house and you stole my dad gun and then when I try to message you about it you block me what kind of fucked up shit is that?

[8] *Id*. at 8. J.B. answered, "lol, cuz he not getting his shit back soo yea might as well take it as a loss." *Id*.

[9] On June 5, 2014, Nikki and Anthony went to the police station and met with a detective who presented them with a photo array. Nikki and Anthony both identified J.B. as the person who took their father's gun. On June 17, 2014, the State filed a delinquency petition against J.B. for theft and dangerous possession of a firearm. During the delinquency hearing, J.B. objected to the admission of Exhibit 1, a printout of the Facebook messages, arguing that the State did not sufficiently authenticate the Facebook messages. The juvenile court ruled the messages were sufficiently authenticated as belonging to J.B. and entered a true finding that J.B. committed an act that would constitute theft and dangerous possession of a firearm if committed by an adult.

[10] On appeal, J.B. contends the trial court abused its discretion when it admitted evidence from a social media account that was not properly authenticated. "The admissibility of documents lies within the trial court's discretion and will be reversed only upon a showing of abuse of that discretion." *Newman v. State*, 675 N.E.2d 1109, 1111 (Ind. Ct. App. 1996). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Duncan v. State*, 23 N.E.3d 805 (Ind. Ct. App. 2014). We will not reverse absent a showing of manifest abuse of discretion resulting in the denial of a fair trial. *Id*.

[11] "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Ind. Evid. R. 901. Testimony that an item is what it is claimed to be, by a witness with knowledge, is sufficient to authenticate an item of evidence. *Id*. Distinctive characteristics like "the appearance, contents, substance, [and] internal patterns" taken together with all the circumstances is another way to authenticate an item of evidence. *Id*.

[12] Proof of authenticity is not required; authentication of an exhibit can be established by either direct or circumstantial evidence. *Newman v. State*, 675 N.E.2d. 1109. "Any inconclusiveness regarding the exhibit's connection with the events at issue goes to the exhibit's weight, not its admissibility." *Pavlovich v. State*, 6 N.E.3d 969, 976 (Ind. Ct. App.) *trans. denied.*

[13] It is true Nikki never saw J.B. type the messages or use the "Lilaustin Paperchasin" Facebook account. It is also true that anyone with a computer and internet access could have created a profile in the likeness of J.B. and communicated with Nikki through messaging. Nevertheless, we can infer from circumstantial evidence that the "Lilaustin Paperchasin" Facebook account belongs to J.B. and he messaged Nikki on May 22, and May 31, 2014.

[14] Nikki met J.B. through a friend two weeks before the incident occurred. J.B. provided Nikki with the screen name to his Facebook account, "Littleaustin Paperchasin" and the icon attached to the screen name resembles J.B. Nikki testified that the messages she received from "Lilaustin Paperchasin" were

written by J.B. and contained a detailed description of the events that took place on April 17, 2014. Indeed, the sender of the Facebook messages knew the gun stolen from Nikki's house was a pistol and knew it belonged to Nikki's father. This circumstantial evidence permits a reasonable belief that the Facebook messages were written by J.B. We therefore conclude that the juvenile court did not abuse its discretion in concluding the Facebook messages in Exhibit 1 were sufficiently authenticated.

Judgment affirmed.

Baker, J., and Najam, J., concur.